﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 191017-39109
DATE: June 16, 2020

ORDER

A 30 percent rating for unspecified anxiety disorder is granted.

REMANDED

Entitlement to service connection for right foot numbness is remanded.

FINDINGS OF FACT

1. Throughout the appeal period, the Veteran’s unspecified anxiety disorder has been productive of occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks.

2. .

CONCLUSIONS OF LAW

1. The criteria for an initial evaluation of 30 percent, but no higher, for an unspecified anxiety disorder have been approximated. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.102, 4.1-4.14, 4.130, Diagnostic Code 9413.

2. The Veteran prematurely filed a notice of disagreement for service connection for right foot pain, to include as secondary to right foot numbness and the Board does not have jurisdiction over the issue in this case. 38 U.S.C. § 7104, 7105; 38 C.F.R. §§ 3.2400, 3.2500, 19.2.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 2012 to April 2018. 

In March 2019, the Agency of Original Jurisdiction issued a rating decision that denied the right foot issues and granted service connection for unspecified anxiety disorder and assigned an initial 10 percent rating, effective April 29, 2018. In May 2019, he elected a Higher-Level Review and was again denied in July 2019. 

He submitted a VA Form 10182 requesting the Direct Review docket at the Board of Veterans’ Appeals (Board) in October 2019. As such, this claim is processed under the modernized review system. 38 C.F.R. § 19.2(d) (eff. Feb. 19, 2019).

The Board notes that the issue of entitlement to service connection for right foot numbness was previously denied by the Agency of Original Jurisdiction (AOJ) in a February 2018 rating decision. Although the Veteran was notified of the decision and his appellate rights in a May 2018 letter, he did not file a notice of disagreement. In general, rating decisions that are not timely appealed are final. See 38 U.S.C. § 7105; 38 C.F.R. § 20.1103. Accordingly, the AOJ made an implicit determination that new and relevant evidence had been received prior to adjudicating the issue on its merits in the July 2019 rating decision. See Pub. L. No. 115-55 §2(c)(1).

However, the record shows that additional service treatment records were received after the February 2018 rating decision. These service treatment records were received in December 2018. The newly received service treatment records include additional medical entries including a January 2018 separation examination. Consequently, the Board finds that these records are pertinent to the Veteran’s claim. 38 C.F.R. § 3.156(c)(1) provides that notwithstanding any other section in this part, at any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim. The regulation further identifies service records related to a claimed in-service event, injury, or disease as relevant service department records. 38 C.F.R. § 3.156 (c)(1)(i). Thus, new and relevant evidence is not needed to readjudicate a previously denied claim when relevant service department records are received after a prior final denial. The claim is instead reviewed on a de novo basis. In light of the relevant official service department records received after the February 2018 rating decision, the Veteran’s service connection for right foot numbness will be reviewed on a de novo basis.

Regarding the issue of service connection for right foot pain, to include as secondary to right foot numbness, the Board does not currently have jurisdiction over this matter. In this regard, the July 2019 rating decision did not adjudicate the claim for right foot pain (it found a duty to assist error and return the issue for additional development), and therefore, the VA Form 10182 that the Veteran submitted was premature as to this issue. A November 2019 rating decision did adjudicate this issue, but the Veteran has not submitted a notice of disagreement to this adjudication on the merits. As there is not a valid notice of disagreement for the issue of service connection for right foot pain, the Board does not currently have jurisdiction over this issue. 38 C.F.R. §§ 3.2400, 19.2. 

A 30 percent rating for unspecified anxiety disorder

The Veteran’s anxiety disorder is currently assigned a 10 percent evaluation, pursuant to 38 C.F.R. § 4.130, Diagnostic Code 9413.

Under the General Formula for Mental Disorders (General Formula), the Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

Under Diagnostic Code 9413, a 10 percent rating is assigned when mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of occasional stress, or symptoms controlled by medication cause occupational and social impairment.

A 30 percent rating is assigned when symptoms such as depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, or mild memory loss (such as forgetting names, directions, or recent events), cause occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and normal conversation).

A 50 percent rating is assigned when symptoms such as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships cause occupational and social impairment with reduced reliability and productivity.

A 70 percent rating is assigned when symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

A 100 percent rating is assigned when symptoms such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name cause total occupational and social impairment.

The Veteran was afforded a VA examination in January 2019. He was diagnosed with unspecified anxiety disorder. He reported that his cognitive content during times when he struggles to sleep sometimes centers around mortality and his time in the service. He was married and described his home life as very good. For the last month he worked as a network administrator and noted that it was going well. He did not receive treatment nor was he prescribed medication. Noted symptoms were anxiety, chronic sleep impairment, and disturbances of motivation and mood. Upon examination, he had a stable mood and answered all questions thoughtfully and completely. He denied suicidal and homicidal ideation. The examiner determined that he had a mental condition has been formally diagnosed, 

but symptoms are not severe enough either to interfere with occupational and social functioning or to require continuous medication.

In his May 2019 request for higher level review, the Veteran indicated that his anxiety affected his everyday life. Specifically, his main issue was the inability to fall and stay asleep. This left him exhausted, weak, and uncomfortable every day.

After review of the competent and probative evidence, the Board finds that the Veteran is entitled to a higher initial rating for an unspecified anxiety disorder. Throughout the period, he experienced anxiety, chronic sleep impairment, 

and disturbances of motivation and mood. His disability picture, to include the severity, frequency, and duration of his symptoms, as well as the resulting impairment of social and occupational functioning, is more consistent with a 

30 percent rating throughout the appeal.

The Board finds that a rating higher than 30 percent is not more nearly approximated. In regard to his level of social and occupational impairment, 

the probative, competent evidence shows that the Veteran had a good marriage. 

He also began a new job and reported that it was going well. The 2019 

VA examination reflects that the Veteran took no psychotropic medication and had no mental health treatment. While the Veteran did experience disturbances of motivation and mood which is contemplated by a 50 percent rating, the evidence overall does not demonstrate the level of impairment associated with a 50 percent rating. The Board finds such impairment to be consistent with and more nearly approximated by occupational and social impairment with occasional decreases in work efficiency and intermittent periods of inability to perform occupational tasks, including generally functioning satisfactorily, with routine behavior, self-care, and normal conversation.

In light of the above, the Board finds that when viewed against other evidence of record, to include lay statements, medical records and the VA examination, that the Veteran’s overall disability picture is more nearly approximated by the 30 percent evaluation, and not a 50 percent rating. Therefore, after looking at the totality of the Veteran’s unspecified anxiety picture, the Board finds that the preponderance of the evidence warrants a rating of 30 percent, but no higher, for the entire period on appeal.

REASONS FOR REMAND

Service connection for right foot numbness is remanded.

The issue of entitlement to service connection for right foot numbness is remanded to correct a duty to assist error that occurred prior to the March 2019 rating decision on appeal.

The Veteran was provided a VA examination in November 2017. The Board finds that this examination is inadequate for evaluation purposes as the examination is internally inconsistent. The examiner found that the Veteran had symptoms attributable to a peripheral nerve condition and noted that the Veteran had severe paresthesias and/or dysesthesias of right lower extremity. He also had moderate intermittent pain of the right lower extremity. However, the examiner determined that there was no pathology to render a diagnosis. There was no explanation for why the findings in the examination were not related to the right foot numbness. Accordingly, another examination is warranted to correct his pre-decisional duty to assist error.

 

This matter is REMANDED for the following action:

Schedule the Veteran for an examination to determine the nature and etiology of the Veteran’s right foot numbness. The claims file and this Remand is to be made available to the clinician for review. The examiner must opine:

(a) Whether it is at least as likely as not related to an in-service injury, event, or disease, including a right foot/toe injury in June 2013. See 11/07/2017 STR, pgs. 111-115.

(b) A comprehensive rationale for all opinions is to be provided. All pertinent evidence, including both lay and medical, should be considered. If an opinion cannot be given without resorting to speculation, the examiner should explain why and state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), the record (additional facts are required), or the examiner (does not have the knowledge or training).

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Cruz, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.